GARY M. RESTAINO
United States Attorney
District of Arizona
JOSEPH F. BOZDECH
California State Bar No. 303453
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Joseph.Bozdech@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

Browning 1919A6 .30 Caliber Rifle, SN:958501, and,

Browning M-2 .50 Caliber Rifle, SN:332569,

Defendants *In Rem*.

**CV-23-01499-PHX-GMS**

**UNITED STATES' OPPOSITION TO CLAIMANT DANIEL ARROYO'S MOTION TO DISMISS**

Plaintiff United States of America ("United States") respectfully submits the following in response to Claimant Daniel Arroyo's Motion to Dismiss for Failure to State a Claim ("Motion"). Doc. 7. Claimant's Motion should be stricken for failure to comply with Local Rule 12.1(c). Even if it were to be accepted, Claimant's Motion is groundless as it is based on an alleged failure by the government to comply with deadlines for initiating civil forfeiture. The government duly requested and obtained extensions of that deadline prior to filing the Complaint in this case.

## PROCEDURAL BACKGROUND

On July 27, 2023, the government filed a Verified Complaint for Forfeiture *In Rem* ("Complaint"), seeking forfeiture of one Browning 1919A6 .30 Caliber Rifle, SN:958501, and one Browning M-2 .50 Caliber Rifle, SN:332569 (collectively, the "defendant

property"), seized by Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Doc. 1. Claimant, by and through counsel, filed a claim to the defendant property on September 1, 2023, Doc. 6, and the Motion on September 21, 2023. Doc. 7.

Claimant asserts that the Complaint was not filed within the time set by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 7 at 1. Claimant argues that, while he was informed of *ex parte* orders extending the CAFRA deadline, he has not been provided with proof of those extensions and the Complaint does not allege the facts of the extensions. *Id*. at 2, 3-4.

**LEGAL STANDARD**

Under 18 U.S.C. § 983(a)(3), the government must file a complaint for forfeiture within 90 days after a claim has been filed within 90 days, or return the property pending filing of a complaint, or obtaining a criminal indictment alleging that the property is subject to forfeiture. This 90-day period (commonly referred to as the CAFRA deadline) may be extended by "a court in the district in which the complaint will be filed" for either "good cause shown or upon agreement of the parties." 18 U.S.C. 983(a)(3)(A). "Good cause" has been found where a criminal investigation is ongoing. *See United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1141 (9th Cir. 2008). The government's submission to extend the deadline may be made *ex parte*. *United States v. Real Property Located at 475 Martin Lane, Beverly Hills Cal.*, 545 F.3d 1134, 1144 (9th Cir. 2008).

**ARGUMENT**

**The Motion Lacks a Valid Local Rule 12.1(c) Certification**

The Court should dismiss the Motion due to Claimant's failure to comply with the Local Rules of Civil Procedure ("Local Rules"). Local Rule 12.1(c) imposes a modest threshold requirement to be met before a court considers any motion to dismiss for failure to state a claim. Specifically, the rule requires that "the moving party include[] a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part

by a permissible amendment offered by the pleading party." Local Rule 12.1(c). If such certification is not included, the court may summarily strike the motion. *Id*.

On September 27, 2023, the Court ordered Claimant to show proof of compliance with Local Rule of Civil Procedure 12.1(c). Doc. 8. Claimant filed a purported "certification" on October 4, 2023. Doc. 9. In this filing, Claimant admitted that he had not conferred with the government prior to filing the Motion. Instead, Claimant stated that, having filed a Rule 41(g) motion months before the Complaint was filed with this Court, he notified the government of the alleged deficiencies in the Complaint. Doc. 9 at 2. This does not meet the straightforward pre-filing notification requirement of Local Rule 12.1(c). Local Rule 12.1(c) requires that the moving party notify the opposing party of "the issues asserted in the motion," not that the movant have raised the issues in a separate proceeding. Moreover, Claimant's response also does not even attempt to certify that "the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." Local Rule 12.1(c). Nor can Claimant provide such certification, as the discussion contemplated by the rule never occurred.

Rather than consulting with the government, Claimant proceeded to file the Motion, resulting in exactly the kind of inefficiency and waste of judicial resources that Local Rule 12.1(c) otherwise prevents. Had Claimant inquired, the filing of this Motion could have been averted. The Court should therefore dismiss Claimant's Motion for its noncompliance with Local Rule 12.1(c).

**The Government has met the CAFRA Deadline**

If the Court determines that Claimant's filing satisfies Local Rule 12.1(c), it should still dismiss the Motion. As a preliminary matter, the Motion is procedurally improper. A Rule 12(b)(6) motion is not the correct vehicle to challenge compliance with a CAFRA deadline. The 90-day CAFRA deadline is non-jurisdictional. *United States v. $229,850.00 in U.S. Currency*, 50 F. Supp. 3d 1171, 1182 (D. Ariz. 2014). Compliance need not be affirmatively plead in the Complaint under Federal Rule of Civil Procedure G. Much like a

challenge based on a statute of limitation, non-compliance with the CAFRA deadline is an affirmative defense which a plaintiff is not required anticipate or plead around. *See* Fed. R. Civ. P. 8(c)(1); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1276 (4th ed. 2023). The government need not articulate compliance with the CAFRA deadline in its Complaint.

Even if this were the proper time to raise an affirmative defense, the government complied with CAFRA. Before the 90-day deadline passed, the government sought and received an extension to the CAFRA deadline, which by the Hon. Susan M. Brnovich granted on September 27, 2022. *See In Re Browning 1919A6 Rifle Cal:30 Sn:958501 and Browning M-2 Rifle Cal:50 Sn:332569*, Case No. 2:22-mc-00045-SMB (D. Ariz.), Doc. 1. The government requested the extension *ex parte* and under seal. *Id.*, Doc. 4. Judge Brnovich granted subsequent extensions on December 1, 2022, February 22, 2023, and May 1, 2023. *See id*., Docs. 9, 11, 13. After the government filed the instant Complaint, Judge Brnovich unsealed and closed the matter in which the extensions were granted on September 14, 2023. *Id*., Doc. 16. The record surrounding the extensions was available to review by the public approximately one week before Claimant filed the Motion.

The Complaint was therefore timely filed under CAFRA. Prior to the expiration of the 90-day CAFRA deadline, the government obtained an extension for good cause under 18 U.S.C. 983(a)(3)(A). The government sought successive extensions before the extended deadline, and each subsequent extended deadline, expired. Extensions under § 983(a)(3)(A) are not limited in number, and the government may obtain repeated extensions upon subsequent showings of good cause. *See United States v. $15,000,* Case No. 05 C 3572, 2006 WL 1049663 (N.D. Ill. Apr. 20, 2006) (granting three *ex parte* extensions). On July 27, 2023, the government filed the Complaint, in compliance with the last extension granted by Judge Brnovich. Claimant's Motion is factually incorrect to the extent that it asserts that an applicable "federal statute of limitations" has expired. *See* Doc. 7 at 1.

WHEREFORE, the United States respectfully requests that this Court deny Claimant's Motion. In the alternative, should the Court grant the Motion the government seeks leave to amend the Complaint.

Respectfully submitted this 5th day of October 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/S/ Joseph Bozdech*
JOSEPH F. BOZDECH
Assistant United States Attorney