**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel R M Arroyo,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-22-02164-PHX-JAT (Lead)<br>No. CV-23-01499-PHX-JAT (Cons.)<br><br>**ORDER** |

Pending before the Court is Defendant/Plaintiff United States of America's ("United States") and Plaintiff/Claimant Daniel Arroyo's ("Claimant") Joint Status Report and Motion to Stay ("Report" and "Motion," respectively). (Doc. 20). Also pending before the Court are the following: United States' first Motion to Stay or Motion to Dismiss, (Doc. 11), and United States Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") Motion to Stay and Status Report, (Doc. 18).[1] The Court now rules.

**I.    BACKGROUND**

The Court's previous order describes the factual background of the case, which concerns two firearms to which Claimant alleges he is entitled, but which are also the subject of a civil forfeiture proceeding and criminal investigation by the United States. (*See* Doc. 17 at 1–2). On October 6, 2023, Claimant filed a motion to consolidate, (Doc. 16), which this Court granted on November 9, 2023. (Doc. 17). At that time, the Court also dismissed all defendants in the case except for the United States, left the (Doc. 11) motions

---

[1] The Court notes that each motion pending contains significant overlap in content and scope. The Court addresses each in turn below.

to stay or dismiss pending, and ordered the parties to file, within seven days, a status report concerning various aspects of case management going forward. (Doc. 17 at 4–5). On November 15, 2023, ATF filed another Motion to Stay, (Doc. 18), which failed to comply with L.R. Civ. 5.5(g)'s requirement that the signing attorney must file documents using their own ECF log-in and password. (*See* Doc. 19). The United States filed a compliant Joint Motion to Stay and Status Report on November 17, 2023. (Doc. 20).

## II.  CLAIMANT'S RULE 41(g) MOTION & UNITED STATES' MOTION TO DISMISS

Generally, because no criminal proceedings have yet been instituted, this Court's subject matter jurisdiction over Claimant's Rule 41(g) Motion is derived from Federal Rule of Criminal Procedure 41(g). *See generally* Doc. 1). Rule 41(g) permits a party deprived of his property to move for the property's return in the district court where the property was seized. *United States v. Kama*, 394 F.3d 1236, 1237–38 (9th Cir. 2005). The rule is generally used after an indictment has been issued; however, in some circumstances, district courts may entertain motions to return property seized by the government where no criminal proceedings are pending against the movant. *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 2003). In these situations, the Court must treat the motion as a civil equitable proceeding, and "therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction.'" *Kama*, 394 F.3d at 1238 (quoting *Ramsden*, 2 F.3d at 324).

However, Rule 41(g) motions are treated differently when a civil forfeiture proceeding, and not a criminal prosecution, is instituted. "Rule [1(a)(5)(B)] expressly provides that the Federal Rules of Criminal Procedure 'are not applicable to . . . civil forfeiture of property for violation of a statute of the United States.'" *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1233 (9th Cir. 1988) (quoting Fed. R. Crim. P. 1(a)(5)(B) (formerly Fed. R. Crim. P. 54(b)(5)). "Rule 54(b) compels the dismissal of a [Rule 41(g)] motion in a *civil* forfeiture proceeding where there are no criminal proceedings pending and the property was not seized for use in a criminal prosecution." *Id.* (emphasis in original) (citation omitted).

Because the United States has filed a civil forfeiture proceeding—the case that was consolidated into the instant case—the Court dismisses Claimant's Rule 41(g) motion because this Court no longer needs to exercise equitable jurisdiction. *See In re Seizure of One Blue Nissan Skyline Auto.*, No. 2:09-cv-06484-FMC-MLGx, 2009 WL 3488675, at *1 (C.D. Cal. Oct. 21, 2009) (citations omitted); *Return of Seized Property v. United States*, 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) (citations omitted). The United States has indicated an intent to initiate criminal proceedings in the future; however, whether the United States initiates criminal proceedings is beyond the scope of this Court's adjudication of the instant civil forfeiture proceeding. Therefore, the Court dismisses Claimant's Rule 41(g) Motion without prejudice.[2]

### III.   UNITED STATES' MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS

The Court next turns to the United States' Motion to Stay the civil forfeiture proceeding currently before this Court. The following standard applies.

> The basis for a stay of a civil forfeiture proceeding is 18 U.S.C. § 981(g)(1), which provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." This language reflects an amendment by the Civil Asset Forfeiture Act of 2000 [("CAFA")] that

---

[2] The Court notes that should the United States initiate a criminal prosecution in the future, the Federal Rules of Criminal Procedure would apply in said case. At that time, Claimant could request applicable procedural remedies under that set of rules, in that criminal case.
    Alternatively, Claimant can move to re-open his 41(g) case in the event the civil forfeiture action is dismissed. *See generally United States v. McIntosh*, 58 F. 4th 606 (2d Cir. 2023), *cert. granted*, 2023 WL 6319657 (Sept. 29, 2023) (certifying the question of whether a district court may enter a criminal forfeiture order outside the time limitations set forth in Fed. R. Crim. P. 32.2).
    The Court notes that the statute of limitations for bringing a Rule 41(g) motion is six years after the cause of action accrues. *See* 28 U.S.C. § 2401(a); *Naranjo v. United States*, No. CV 13-05179-RSWL-1, 2014 WL 12591477, at *3 (C.D. Cal. Jan. 3, 2014) (applying 28 U.S.C. § 2401(a) in Rule 41(g) motions); *United States v. Ramirez*, 444 F. App'x 114 (9th Cir. 2011) (same). As such, the Court elects to dismiss Claimant's motion without prejudice to refile later, as the Court finds no statute of limitations concerns at this time.

> "broadened the stay relief significantly." *United States v. All Funds Deposited in Account,* 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001). The CAFA amendment expanded the availability of a stay "to the period of investigation and no longer requires that an indictment or information be filed, commencing formal criminal proceedings." *Id.* It also removed the requirement that the Government show good cause. *Id.* Rather, the Court must only determine if civil discovery will adversely affect a related criminal investigation.

*United States v. $1,026,781.61 in Funds from Floridal Capital Bank*, No. CV 09-04381 JVS (MLGx), 2009 WL 3458189, at *1 (C.D. Cal. Oct. 21, 2009); *see also United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1184 (C.D. Cal. 2011) ("Courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of *likely* prejudice to the criminal proceeding caused by the civil discovery") (emphasis in original).

Here, the United States has alleged that civil discovery prior to indictment or during the pendency of a criminal case would create prejudice to the criminal proceeding. (Doc. 20 at 3–4). The pending civil proceeding concerns the same property that may be the subject of the subsequent criminal proceeding which the United States intends to initiate. Thus, because the Court finds that civil discovery would adversely affect the ability of the United States to conduct a related criminal investigation, the Court must stay the pending civil forfeiture proceeding.

**IV.  CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Stay, (Doc. 11), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Lack of Jurisdiction, (Doc 11), is **DENIED**; however, Claimant's Rule 41(g) Motion, (Doc. 1), is dismissed without prejudice for the reasons stated above. Thus, the only case currently pending in this case is the Complaint for Forfeiture in Rem, (CV-23-01499-PHX-JAT Doc. 1). CV-22-02164-PHX-JAT is **DISMISSED**, without prejudice, and the Clerk of the Court shall enter judgment accordingly. As a result, these cases are unconsolidated.

1   **IT IS FURTHER ORDERED** that the Motion to Stay and Status Report, (Doc.
2   18), is **DENIED** as moot.
3   **IT IS FURTHER ORDERED** that the Motion to Stay, (Doc. 20), is **GRANTED**.
4   **IT IS FURTHER ORDERED** that the Scheduling Order, (Doc. 3), is vacated.
5   **IT IS FINALLY ORDERED** that beginning February 1, 2024, and continuing on
6   the first of the month every month thereafter, the United States must file a status report
7   regarding whether the Stay can be lifted and what progress they have made toward bringing
8   their criminal investigation to a resolution.
9   Dated this 11th day of December, 2023.

*James A. Teilborg*
Senior United States District Judge